IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-096 |
| | ) | |
| VIJAY MAURYA, Doctor, and EAST | ) | |
| CENTRAL REGIONAL HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on September 9, 2009, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4). Plaintiff filed his amended complaint, and it is that document that the Court will now screen. (Doc. no. 5).

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) ViJay Maurya, Doctor at East Central Regional Hospital ("ECRH"); and (2) the ECRH. (Doc. no. 5, p. 1). Plaintiff was periodically hospitalized at the ECRH beginning in September 22, 2005, with his last hospitalization beginning April 8, 2009. (See generally doc. no. 5). He is not currently hospitalized, but he complains of treatment he received during his prior hospitalizations.

Plaintiff, in a conclusory fashion, states that Defendant Murya misdiagnosed Plaintiff and that Plaintiff was forced to take medication. (Id. at 1). Plaintiff alleges that between September 22, 2005 and April 8, 2009, he suffered "a lot of pain and suffering, mental distress, anxiety, depression, loss of passion, legal matters, family relations, health complications, self control, and loss of self esteem." (Id.). Plaintiff states that based on the information provided in the Exhibits attached to his amended complaint, he was hospitalized against his will. (Id. at 1-2). However, he asserts that the attached Exhibits are confusing and do not state the "proper facts in which they could evaluate [Plaintiff]." (Id. at 2).

Further, Plaintiff takes issue with Exhibit 2 (which is his discharge papers for his September 22, 2005 through September 28, 2005 hospitalization) because the Exhibit notes that Plaintiff's mother has psychiatric problems. (Id.). Plaintiff proceeds to requests that the Court get the "factual documentation from the ECRH to prove their statement." (Id.). Plaintiff alleges that he suffered mental distress from the statement in his discharge papers concerning his mother, and notes that his mother had nothing to do with his admittance to the ECRH. Thus, he believes that "she should not have been talked about." (Id.). Plaintiff

requests $7,000,000 in damages as a result of the statement about his mother contained in the 2005 discharge papers. (Id.).

Next, Plaintiff takes issue with Exhibit 3 – his discharge papers from his September 22, 2005 through September 28, 2005 hospitalization.[1] (Id.). He claims that the discharge papers are false because Plaintiff did not have any "vitals," or tests performed, nor did he take any medication. (Id.). However, he claims that he was forced to take two shots, was assaulted with a medical instrument, and was given "Respirdol, Depakote, Benadryl, and Zyprexa." (Id. at 2-3). Plaintiff claims that he has "not been the same" since that hospitalization. (Id. at 4). As such, Plaintiff asks the Court to get the "witnesses statements and photos and lab results" from the ECRH because he would like a "recording of [the] pills" to show how the "pills were made, how and when the pills were packaged, and how and on what they were tested." (Id. at 3-4). Plaintiff notes that "not every pill is the same and can have defects." (Id.).

Plaintiff then proceeds to reiterate the medical findings of the discharge papers attached to his amended complaint as Exhibits 7-9, 11-13 and notes that his medication was changed, that "more medication[] [was] forced," and that Defendant Maurya "defamized [Plaintiff's] character and mental state of mind." (Id. at 4-5).

## II. DISCUSSION

### A. Claims Occurring in 2005

Plaintiff's complaint refers to incidents dating back to 2005. However, Plaintiff did

---

[1] Both Exhibits 2 and 3 address Plaintiff's September 22, 2005 through September 28, 2005 hospitalization.

3

not file the above-captioned complaint until August 2009, almost four (4) years after the events forming the basis of the above-captioned complaint. Claims brought pursuant to 42 U.S.C. § 1983 are subject to dismissal under the applicable two-year statute of limitations in Georgia. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under 42 U.S.C. § 1983, federal law determines the date of accrual. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under 42 U.S.C. § 1983, claims accrue when: (1) the plaintiff knows or has reason to know that he was injured, and (2) the plaintiff is aware or should be aware of who inflicted the injury. Rozar, 85 F.3d at 562 (citing Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987)).

Here, the facts described in the above-captioned complaint concerning Plaintiff's September 2005 hospitalization occurred more than two (2) years before the date Plaintiff filed the above-captioned complaint. Furthermore, based upon Plaintiff's statement of claim, it appears that he knew about his alleged injuries and the identity of the parties he believes to be responsible for his alleged injuries in 2005. Plaintiff stated that he was never the same after his September 2005 hospitalization. (Doc. no. 5, p. 4). As such, Plaintiff's claims concerning his hospitalization in 2005 are clearly time-barred by the applicable two-year statute of limitations for claims brought pursuant to 42 U.S.C. § 1983; and thus, Plaintiff fails to state a claim upon which relief can be granted as to those claims.

**B.     Defendant ECRH**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit

4

of all reasonable inferences to be derived from the facts alleged, the Court also finds that Plaintiff fails to state a claim for relief against this Defendant. First, Plaintiff does not explain how Defendant ECRH -- as an entity -- is capable of being sued for any improper actions that are alleged to have occurred as the result of Defendant Maurya's actions. Second, while Plaintiff names Defendant ECRH in the above-captioned case, he does not assert any allegations of wrong doing regarding this Defendant in his statement of claims. In fact, Plaintiff does not mention Defendant ECRH anywhere in his statement of claims other than to state that was where he was hospitalized.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held, a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant ECRH with an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant ECRH should be dismissed.

Additionally, "[t]he Eleventh Amendment insulates a state from suit brought by

individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has clearly stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Thus, to the extent Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983 against the ECRH, a state-run hospital, it (42 U.S.C. § 1983) does not override state sovereign immunity afforded by the Eleventh Amendment.

### C. Defendant Maurya

To the extent Plaintiff seeks to assert any claims against Defendant Maurya concerning his 2008 - 2009 hospitalizations, he fails to state a claim upon which relief can be granted.[2] Initially, the Court notes that Plaintiff relies entirely on his attached Exhibits for the basis of his claims. Plaintiff was specifically directed that although he may attach exhibits to his amended complaint; he shall not incorporate them by reference as a means of

---

[2]It does not appear from Plaintiff's amended complaint that he was hospitalized between 2006 and 2007.

providing the factual basis for his complaint. (Doc. no. 4, p. 3). In direct contravention of the Court's Order, Plaintiff simply referenced his exhibits as a means of providing his factual basis.

Next, Plaintiff reiterates the medical findings of the discharge papers attached to his amended complaint as Exhibits 5, 7-9, 11-13. (Doc. no. 5, pp. 2-6). He also notes, among other things, that his medication was changed and that "more medication[] [was] forced." (Id.). Additionally, Plaintiff provides the conclusory allegations that Defendant Maurya "defamized" Plaintiff's character and mental state of mind," misdiagnosed Plaintiff, and forced medication. (Id.). Thus, the extent of Plaintiff's allegations against Defendant Maurya are that he purportedly misdiagnosed Plaintiff and "defamized" him.[3]

Vague and conclusory allegations are insufficient to state a civil rights claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim). More importantly, other than claiming that Defendant Maurya purportedly misdiagnosed Plaintiff, he fails to allege any supporting facts whatsoever concerning any actions purportedly taken by Defendant Maurya, let alone that these actions caused Plaintiff any wrongdoing. As previously noted, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca, 995 F.2d at 1538. Additionally, a defendant is properly dismissed where – as here – Plaintiff fails to state any allegations that associate the defendants with the purported constitutional

---

[3]Plaintiff alleges that the ECRH staff forced medication on him. No one other than Defendant Maurya from the ECRH staff has been named as a defendant.

7

violation. Douglas, 535 F.3d at 1222 - 23 (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."))). Indeed, nowhere does Plaintiff explain why he believes Defendant Maurya misdiagnosed him. Similarly, although Plaintiff claims he has never been the same since 2005, other than Plaintiff's conslusory allegations that there may have been something wrong with the "pills," his complaint is devoid of any showing that Defendant Maurya's diagnosis or treatment resulted in whatever problems Plaintiff had. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendant Maurya.

Finally, regarding Plaintiff's state law claims, because Plaintiff has failed to state any viable federal claims against Defendants, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its

discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

Simply put, even *liberally* construing Plaintiff's amended complaint, he has not alleged sufficient information to show that he is entitled to relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's state law claims be **DISMISSED** without prejudice, that the above-captioned complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and

9

that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 29th day of October, 2009, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE